■ In the Matter of JOSEPH MIATA, Petitioner, v H. CARL McCALL, as State Comptroller, New York State and Local Police and Fire Retirement System, Respondent. [715 NYS2d 496]

—Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for performance of duty disability retirement benefits.

Petitioner, a police officer with the Long Island State Parks and Recreation Commission, applied for performance of duty disability retirement benefits based upon a left ankle injury that he sustained while leaving work on August 24, 1995 when he tripped on a step and twisted his ankle. Following a hearing at which conflicting expert testimony was presented, respondent denied petitioner's application based upon a finding that petitioner was not permanently incapacitated from the performance of his duties. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination.

Initially, we reject petitioner's assertion that the Hearing Officer abused his discretion in not permitting petitioner's medical expert to demonstrate the range of motion in petitioner's ankle (*see generally*, *Harvey v Mazal Am. Partners*, 79 NY2d 218, 223-224). We find no reason to disturb the Hearing Officer's determination that without medical expertise the demonstration would be meaningless and, in any event, the medical expert's testimony was adequate to assess petitioner's injury.

Contrary to petitioner's contention, we cannot say that respondent's determination is not supported by substantial evidence. Stuart Kandel, an orthopedic surgeon, testified that upon his examination of petitioner he concluded that there were no objective abnormalities inasmuch as he noted no swelling, limping, instability nor restriction of motion in comparison to his right ankle. Furthermore, although there were signal changes reflected in the MRI, there was no definitive evidence of a full tear in any part of the ankle. While Kandel diagnosed petitioner with a sprained ankle, he opined that petitioner was not incapacitated from the performance of his duties. To the extent that petitioner's treating physician, who was certified in foot and ankle surgery, testified to the contrary, the differing opinions expressed by the medical experts presented a credibility issue for respondent to resolve (*see*, *Matter of Condo v McCall*, 269 AD2d 676). We accordingly find no reason to disturb the determination, notwithstanding that the record could support a contrary conclusion (*see*, *Matter of Kesick v New York State & Local Employees' Retirement Sys.*, 257 AD2d 831).

Crew III, J. P., Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.